```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION
```

| | | |
|---|---|---|
| JOSEPH POMEROY, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| SMART HOSPITALITY LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Violation |
| | ) | of Tennessee Consumer Protection Act, |
| | ) | Tenn. Code Ann. § 47-18-101 *et seq.* |
| | ) | |

Plaintiff JOSEPH POMEROY Complains of Defendant SMART HOSPITALITY LLC, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Tennessee Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2. Plaintiff JOSEPH POMEROY is a person with physical disabilities who, on or

11132023 COMPLAINT - 1

about April 1, 2023 through April 2, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a DAYS INN BY WYNDHAM hotel, located at 5423 Asheville Highway, Knoxville, TN 37914. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Tennessee legal requirements, and POMEROY suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Tennessee law, whose goals are closely tied with the ADA, including but not limited to violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. Section 47-18-101, *et seq*.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Knoxville, County of Knox, State of Tennessee and that plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff JOSEPH POMEROY is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used

11132023 COMPLAINT - 2

interchangeably, as these words have similar or identical common usage and legal meaning.) POMEROY is a "person with physical disabilities," as defined by all applicable Tennessee and United States laws. POMEROY requires the use of a wheelchair to travel about in public. Consequently, POMEROY is a member of that portion of the public whose rights are protected by Tennessee Civil Rights Law.

6. Defendant SMART HOSPITALITY LLC, a Tennessee limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a DAYS INN BY WYNDHAM hotel, a public accommodation, located at/near 5423 Asheville Highway, Knoxville, TN 37914, and subject to the requirements of federal law requiring full and equal access to public facilities pursuant to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject DAYS INN BY WYNDHAM hotel as a public facility at/near 5423 Asheville Highway, Knoxville, TN 37914. The business, a DAYS INN BY WYNDHAM hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 5423 Asheville Highway, Knoxville, TN 37914. As such, Defendant is jointly

11132023 COMPLAINT - 3

and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201** **General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9. Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

11132023 COMPLAINT - 4

leases to), or operates, a DAYS INN BY WYNDHAM hotel, located at 5423 Asheville Highway, Knoxville, TN 37914. The DAYS INN BY WYNDHAM hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Tennessee law. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the DAYS INN BY WYNDHAM hotel to handicapped access requirements.

11. Plaintiff JOSEPH POMEROY is a person with a disability. POMEROY is a "physically disabled person," as defined by all applicable Tennessee and United States laws. POMEROY is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the DAYS INN BY WYNDHAM hotel as being handicapped accessible and handicapped usable.

13. On or about April 1, 2023, through April 2, 2023, POMEROY was an invitee and guest at the subject DAYS INN BY WYNDHAM hotel, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, POMEROY personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, POMEROY, who is a person with disabilities, encountered numerous inaccessible elements of the subject DAYS INN BY WYNDHAM hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an*

11132023 COMPLAINT - 5

*exhaustive inventory of Defendant's violations*, the barriers to access were personally encountered by POMEROY within the facility's (1) parking, (2) passenger loading zone, (3) pool, (4) front desk, (5) lobby public restroom, (6) the breakfast area, and (7) upon information and belief, the other accessible guest rooms and public amenities. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, POMEROY was denied his civil rights to full and equal access to public facilities. POMEROY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has

11132023 COMPLAINT - 6

triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

20. POMEROY, as described herein below, seeks injunctive relief to require the DAYS INN BY WYNDHAM hotel to be made accessible to meet the requirements of both Tennessee law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the DAYS INN BY WYNDHAM hotel as a public facility. Plaintiff seeks damages for violation of his civil and consumer rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Tennessee and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, POMEROY and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the DAYS INN BY WYNDHAM hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the DAYS INN BY WYNDHAM hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility

11132023 COMPLAINT - 7

in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Tennessee.

24. On information and belief, the subject public facility of the DAYS INN BY WYNDHAM hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of Tennessee civil rights law.

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the DAYS INN BY WYNDHAM hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

11132023 COMPLAINT - 8

26. Plaintiff will return to the subject DAYS INN BY WYNDHAM hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29. Should the DAYS INN BY WYNDHAM hotel become accessible, POMEROY will visit it again because he will travel to the Knoxville area to race in its annual marathon.

30. Furthermore, plaintiff intends to return to the DAYS INN BY WYNDHAM hotel on an annual basis beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**

31. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be

11132023 COMPLAINT - 10

necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and Tennessee civil rights law, In. Code § 22-9-1, *et seq.*, making available damage remedies.

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject DAYS INN BY WYNDHAM hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On

11132023 COMPLAINT - 11

information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject DAYS INN BY WYNDHAM hotel occurred around 1974, as well as after the compliance date for the Americans with Disabilities Act, January 26, 1992, which independently triggered access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

11132023 COMPLAINT - 12

with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about April 1, 2023 through April 2, 2023, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II. SECOND CAUSE OF ACTION FOR VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT, TENN. CODE ANN. 47-18-101, ET SEQ.**

44. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

45. The Tennessee Consumer Protection Act is codified at Tenn. Code Ann. § 4718-101, *et seq*.

46. POMEROY is a "consumer" within the meaning of the Tennessee Consumer Protection Act at Tenn. Code Ann § 47-18-103.

47. Defendant is a "person" within the meaning of the Tennessee Consumer Protection Act at

11132023 COMPLAINT - 13

Tenn. Code Ann. § 47-18-103.

48. The Tennessee Consumer Protection Act is to "be liberally construed to *** protect consumers *** from those who engage in unfair *** acts or practices in the conduct of any trade or commerce *** within this state ***" Tennessee Code Ann. 47-18-102.

49. The Tennessee Consumer Protection Act at Tennessee Code Annotated 47-18104(a) provides, "Unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitutes unlawful acts or practices ***."

50. Defendant's failure to make the facilities, programs and services of the public accommodation accessible to POMEROY and resulting prevention by Defendant or POMEROY from fully and safely enjoying those facilities, programs and services is an "unfair *** act or practice" within the meaning of Tennessee Code Annotated 47-18-104(a) and (b).

51. POMEROY has retained the undersigned counsel for the filing and the prosecution of this complaint. POMEROY is entitled to receive injunctive relief, a reasonable award of damages, expert witness fees, attorney fees, pre-judgment and post-judgment interest on such fees and damages, and litigation costs and expenses paid by Defendant under the Tennessee Consumer Protection Act at Tennessee Code Annotated 47-18-109.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff JOSEPH POMEROY prays that this court grant relief and damages as follows:

I.  **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make the DAYS INN BY

11132023 COMPLAINT - 14

WYNDHAM hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

## I. PRAYER FOR SECOND CAUSE OF ACTION FOR VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT, TENN CODE ANN. 47-18-101, *ET SEQ*.

4. For declaratory judgment finding Defendant in violation of the Tennessee Consumer Protection Act;

4. For injunctive relief, compelling Defendant to make the HAMPTON INN hotel, readily accessible to and usable by individuals with disabilities and allow them the full and equal enjoyment of the goods, services, privileges, and advantages of public accommodations to the fullest extent required by Title III of the ADA and the Tennessee Consumer Protection Act;

5. General, compensatory and punitive damages according to proof;

6. All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7. Attorneys' fees pursuant to Tennessee law, if plaintiff is deemed the prevailing party;

8. For all costs of suit;

9. Prejudgment and post judgment interest pursuant to Tennessee law; and

11132023 COMPLAINT - 15

10. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Drive
Akron, OH 44319
Telephone: (330) 253-3337
cgm@bmblaw.com

Attorney for Plaintiff JOSEPH POMEROY

11132023 COMPLAINT - 16